Case 4:17-cr-00053-RAJ Document 1 Filed 02/10/17 Page 1 of 10
Case 2:10-cr-00697-RB Document 89 Filed 02/10/17 Page 1 of 1
Case 2:10-cr-00697-RB Document 88 Filed 01/30/17 Page 1 of 1

**FILED** FEB 1 0 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

PROB 22 (Rev. 2/88)

**TRANSFER OF JURISDICTION**

| DOCKET NUMBER (Tran. Court) |
|---|
| 1084 2:10CR00697-001RB |

| DOCKET NUMBER (Rec. Court) |
|---|
|  |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Martin Martinez | New Mexico | Las Cruces |
|  | NAME OF SENTENCING JUDGE | |
|  | Robert C. Brack | |
|  | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 05/23/2016 — TO 05/22/2020 |

**OFFENSE**

21 U.S.C. Sec. 846: Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(B); 21 U.S.C. Sec. 841(b)(1)(C) Distribution of Cocaine

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF New Mexico

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Western District of Texas (Pecos Division) upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_01·30·17_
Date

_/s/_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Western DISTRICT OF Texas – Pecos Division

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_2-6-17_
Effective Date

_/s/_
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

2010 MAR 17 PM 4: 15

CLERK-LAS CRUCES

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CRIMINAL NO. 10-697 |
| vs. ) | Count 1: 21 U.S.C. § 846: Conspiracy; |
| MARTIN MARTINEZ, ) | Counts 2, 3 & 5: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Distribution of Cocaine; 18 U.S.C. § 2: Aiding and Abetting. |
| Defendants. ) | Count 4: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B): Distribution of Cocaine; 18 U.S.C. § 2: Aiding and Abetting. |

## INDICTMENT

The Grand Jury charges:

### Count 1

From on or about March 28, 2007, and continuing to on or about June 6, 2007, in Lea County, in the District of New Mexico, and elsewhere, the defendant, **MARTIN MARTINEZ**, unlawfully, knowingly and intentionally did combine, conspire, confederate and agree with other persons whose names are known and unknown to the grand jury to commit the following offense against the United States, to wit: to distribute a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

In violation of 21 U.S.C. § 846.

## Count 2

On or about March 28, 2007, at a time and location different from the offense charged in Count 3, in Lea County, in the District of New Mexico, the defendant, **MARTIN MARTINEZ**, unlawfully, knowingly and intentionally did distribute a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

## Count 3

On or about March 28, 2007, at a time and location different from the offense charged in Count 2, in Lea County, in the District of New Mexico, the defendant, **MARTIN MARTINEZ**, unlawfully, knowingly and intentionally did distribute a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

## Count 4

On or about April 12, 2007, in Lea County, in the District of New Mexico, the defendant, **MARTIN MARTINEZ**, unlawfully, knowingly and intentionally did distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.

## Count 5

On or about June 6, 2007, in Lea County, in the District of New Mexico, the defendant, **MARTIN MARTINEZ**, unlawfully, knowingly and intentionally did distribute a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

/s/
_____
Assistant United States Attorney

RCW   03/11/10  2:41pm

3

# UNITED STATES DISTRICT COURT
## District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Martin Martinez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR00697-001RB**<br>USM Number: **64847-051**<br>Defense Attorney: **Mark D'Antonio (Appointed)** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1, 2, 3, 4 and 5 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(B) | 06/06/2007 | 1 |
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Cocaine | 03/28/2007 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**12/21/2012**
Date of Imposition of Judgment

**/s/ Robert C. Brack**
Signature of Judge

**Honorable Robert C. Brack**
**United States District Judge**
Name and Title of Judge

**01/03/2013**
Date Signed

Defendant: **Martin Martinez**
Case Number: **2:10CR00697-001RB**

## ADDITIONAL COUNTS OF CONVICTION

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Cocaine | 03/28/2007 | 3 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of Cocaine | 04/12/2007 | 4 |
| 21 U.S.C. Sec. 841(b)(1)(C) | Distribution of Cocaine | 06/06/2007 | 5 |

Defendant: **Martin Martinez**
Case Number: **2:10CR00697-001RB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months**.

**A term of 60 months imprisonment is imposed as to each of Counts 1, 2, 3, 4 and 5; said terms shall run concurrently.**

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

☒ The court makes the following recommendations to the Bureau of Prisons:

    **La Tuna Federal Correctional Institution, Anthony, New Mexico-Texas, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at   on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.



_____
UNITED STATES MARSHAL

By
_____
DEPUTY UNITED STATES MARSHAL

Case 4:17-cr-00053-RAJ   Document 1   Filed 02/10/17   Page 8 of 10
Case 2:10-cr-00697-RB   Document 36   Filed 01/03/13   Page 4 of 6

AO 245B (Rev. 12/10) - Sheet 3 - Supervised Release

Judgment - Page 4 of 6

Defendant: **Martin Martinez**
Case Number: **2:10CR00697-001RB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years unsupervised**.

**A term of 4 years Supervised Release is imposed as to each of Counts 1, 2, 3, 4 and 5; said terms shall run concurrently and shall be unsupervised.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245B (Rev. 12/10) Sheet 3

Judgment - Page 5 of 6

Defendant: **Martin Martinez**
Case Number: **2:10CR00697-001RB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**The defendant shall comply with all Immigration and Customs Enforcement laws and regulations.**

AO 245B (Rev.12/10) Sheet 5, Part A - Criminal Monetary Penalties
Judgment - Page 6 of 6

Defendant: **Martin Martinez**
Case Number: **2:10CR00697-001RB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

Totals:

| | Assessment | Fine | Restitution |
|---|---|---|---|
| | $500.00 | $ | $ |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒ In full immediately; or
B    ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The defendant shall pay a Special Penalty Assessment of $100.00 as to each of Counts 1, 2, 3, 4, and 5, for a total of $500.00, which shall be due immediately.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.